## S. B. RINDGE V. J. A. OLIPHANT, ET AL.

IN SUPREME COURT, TYLER TERM, 1884.

*Limitation—Disability of Heir.*—The Statute of limitations will not be preventing from running by the the disability of the heir, if the adminstrator has a cause of action.

*Administration—Sale of Land.*—An administrator has no authority to agree with the purchaser of land belonging to the estate, to allow a credit on his claims against the estate as a payment of the purchase price bid by him for the land.

*Limitation—Vendor's Lien.*—If the purchase money note or account be barred by limitation, and is secured by vendor's lien, its payment cannot be enforced.

*Administratrix—Authority.*—Where letters of administration were duly issued, and the party was recognized by the probate court as the administratrix, her authority cannot be called in question collaterally.

Appeal from Fannin county.

This suit was nstitutedi August 15, 1876, by Frances Oliphant as surviving widow of Joseph B. Oliphant, and their minor children James A. Ella B., Annie S., and Fannie Oliphant, who sue by their special guardian, James B. Clark, for $2000 and interest as purchase money, and to enforce their lien as vendors of a certain one-half of a 320 acre tract of land, against W. D. Oliphant as purchaser, and S. B. Rindge, latter of whom they allege claims to hold and own the same under a claim of title which the petition sets forth, derainged through a sale of the entire tract of 320 acres, which was made under an order of sale of the district court of Fannin county in the year 1872, to effect a partition of the said tract of land under a decree made by said court in a suit brought for partition of the same into two equal parts, one-half of which belonged to the heirs of said Joseph B. Oliphant, deceased, and the other to said W. D. Oliphant, the defendant in such partition suit which was instituted by said Frances Oliphant, as administratrix of the estate of her said husband. In that proceeding, it appearing that the land was not susceptible of division, the court decreed its sale, and that the proceeds be divided between the parties interested. The decree ordered the sale to be made "on a credit of twelve months, taking notes with approved security, and retaining a lien on the land to

secure payment of the purchase money." The sale was made by the sheriff as commissioner to sell the land . on the first Tuesday of August 1872, and was confirmed on the report thereof on the 23rd of September, 1872, by the district court, and a deed ordered to be made to the purchaser, W. D. Oliphant, which was accordingly done. The deed dated October 10, 1872, recited the sale by virtue of the order of said court of said tract of land, and also for another tract, for the gross sum of $5,950, without distinguishing the amounts bid for the two tracts respectively, and proceeded to recite that W. D. Oliphant, the purchaser executed his note for the sum above named, payable twelve months after the date of sale as the consideration for his purchase of said two tracts of land. The deed did not otherwise specify or reserve in terms a vendor's lein on the land, than as has been stated ; it was filed for record in the proper county clerk's office, April 18, 1877.

Although the deed recited the taking of a note for the purchase money, the purchaser in fact did not execute any note or any other obligotion for the purchase money, but in pursuance of an agreement Frances Oliphant, the administratrix, to that effect credited certain claims which he held against the estate of Joseph B. Oliphant, deceased, with the amount due on his bid to the said estate for its interest in the land sold.

W. D. Oliphant, after obtaining the deed aforesaid, conveyed, February 17, 1874, the land by deed of trust, to secure the payment of certain debts due to Wallace & Co., which was sold by the trustees on May 1, 1877, when James Wallace, one of the firm bid it in, and paid for it by crediting the amount of his bid on that indebtedness. Wallace conveyed the land to the defendant, Rindge, on the 17th of July 1877. It does not appear what was the character of the instrument conveying it, nor upon what consideration, nor whether Rindge paid it, nor whether he had any notice other than that afforded by the records, as to the equities of the plaintiffs.

Plaintiffs alleged in their petition the facts already stated in regard to the recitals in the deed to W. D. Oliphant, notwithstanding the recitals to the contrary, and that Oliphant bid off the 320 acre tract in question at $4,000, of which amount they claim to be dne them, their one-half thereof, viz : $2,000 with legal interest. The plaintiffs prayed for a judgment against W. D. Oliphant for $2000 and interest thereon, and a decree to enforce their lien as vendors

against the land. The defendant having pleaded, among other matters of defuse, the statute of limitations of two years, the plaintiffs amended their prayer, asking in the alternative, that if the court was of opinion that the plaintiff's claim for the purchase money was barred by the statute of limitations, that the title of defendant, W. D. Oliphant and all those who claim under him be cancelled, and and they recover posession of the land.

The defendant set up as a defense, the statute of limitations of two years, and that W. D. Oliphant had, under an agreement with Frances Oliphant, the administratrix, satisfied the amount of his bid for the land by crediting certain claims which he held against the estate, which had been duly allowed and approved with the amount of his bid.

The cause was submitted to the court without a jury. On the trial, under the objections of the plaintiffs evidence as to the claims held by W. D. Oliphant was excluded upon various assigned grounds.

The court rendered judgment for the plaintiffs for an equal undivided half of the 320 acres.

The primary object of the suit was to sue for the purchase money and to enforce the vendor's lien, and only in case the moneyed demand should be held to be barred by the statute of limitations, did the plaintiffs seek for a recovery of the land. The rendition of the judgment for the land, seems to imply that the court was of the opinion that the plaintiffs' cause of action was barred by the statute of limitations of two years. And it seems that it was. The purchase money payable by W. D. Oliphant, would have been assets if collected, in the hands of the administratrix ; she had the right to sue after the 6th of August, 1873, from which time the statute began to run, and the claim would have been barred in two years. (Thomas v. Greer, 6 Tex., 377.) The statute will not be prevented from running by the disability of the heir if the administratrix had a right of action. (Darnall v. Adams, 3 Mon. (Ky.) 273.)

The administratrix had no authority to agree with W. D. Oliphant to allow a credit on his claims against the estate as a payment of the purchase price bid by him for the land. The transaction between them conferred no title on the purchaser that was freed from the vendor's lien that attached to the land in favor of the estate. The

evidence, therefore, as to the claims held by Oliphant against the estate was irrelevant and its rejection operated no injury to the defendant. Nor would the fact that he had credited his claims with the amount of his bid have conferred on him an equity to be protected. His doing so was without gain to himself or loss to the estate. The credit thus entered would be the proper subject of cancellation and he could have proceeded to collect his claims. (Frem. on Judg., sec. 478; Frem. on Exec., 352; Townsend v. Smith, 25 Texas, 465 ; Burns v. Ledbetter, 56 Texas, 285.)

The deed from the sheriff to W. D. Oliphant did not reserve the vendors lien. The l en exited by operation of the law, but the contract was not rendered executory by reason of a reservation of the vendor's lien made in the deed. Such being the case, the superior title did not remain in the estate or heirs of Joseph D. Oliphant, deceased. (Baker v. Compton, 52 Texas, 252.) Otherwise, however, if the vendors lien was reserved in the deed. (Hale v. Baker and Rice, 60 Texas, 217.) If the purchase money note or account be barred by limitation and is secured by mortgage deed of trust or vendor's lien its payment cannot be enforced. See Hale v. Baker and Rice, *supra*.)

The plaintiffs cannot recover the land unless they have the superior title, which, as it seems from the evidence, they have not.

There was evidence tending to show that Francis Oliphant had never qualified as administratrix of the estate. Letters of administration, it appears, was duly issued to her, and the evidence indicates that she acted and was recognized by the probate court as the duly authorized administratrix of the estate, and the defendants in their pleadings allege that the estate is still open and that she is the administratrix. Her authority cannot be collaterally called in question concerning acts done by her under such circumstances. (Poor v. Boyce, 12 Texas, 440, 449.)

The purchaser is not required to go behind the order of a probate sale to see that the administrator has been duly appointed and continued, and that the proceedings have all been regular. (Dancy v. Strickling, 15 Texas, 557 ; Bartlette v. Coche, 15 Texas, 471, 468 ; Poor v. Boyce, *supra*, and see Peterson v. Lowry, 48 Texas, 408.)

The decree of the district court ordering the sale with a vendor's lien was complied with in the deed, though no express reservation to that effect was made in the face of the deed, nor was it necessary

that it should thus have been made to appear in order that the lien should be preserved and not waived. The lien was not the less reserved when it showed in its recitals that the land was sold for the price bid, on a credit of twelve months, for which the purchaser gave his promissory note, payable at the end of said period, than, if it had embodied in the form of an executory contract expressions showing in terms that the vendor's lien was reserved by the vendor. The effect upon the question of superior title would have been different in the one case and the other, but in either form the remedy for the enforcement of the lien to secure the payment of the purchase money would have been the same.

We recommend that the judgment be reversed and the cause remanded.

Walker, J.